United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 24, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10094
Conference Calendar

_____

DAVID ALAN PUGH,

                                        Plaintiff-Appellant,

versus

HELEN SHEPPARD, Daniel Parole Officer I; CHRISTI WOODARD,
Daniel Unit Parole Officer II; PHILLIP DOUGHTY, Assistant
Regional Supervisor for the Western Region; M. CRIBBS,
Sergeant of the Correctional Officers, Price Daniel Unit;
CYNTHIA CALLAWAY, Counsel Substitute II, Price Daniel Unit;
RANDY LEWIS, Captain of the Correctional Officers, Price Daniel
Unit; WILHELMENIA HOWARD, Senior Warden, Price Daniel Unit;
MANUAL PERALTA, Assistant Administrator for Offender Grievance;
WAYNE SCOTT, Director,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:00-CV-410-C
--------------------

Before DeMOSS, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:*

    David Alan Pugh, Texas prisoner # 613654, appeals the

dismissal his 42 U.S.C. § 1983 complaint as frivolous and for

failure to state a claim under 28 U.S.C. §§ 1915(e) and 1915A.

Pugh's complaint alleged that officials at the Texas Department

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of Criminal Justice, Price Daniel Unit, conspired to retaliate against him for exercising his First Amendment right to free speech. Specifically, Pugh asserted that, after writing a letter to Parole Officer (PO) Fairy Eicke to complain of PO Christie Woodard's unfair parole review practices, he was falsely charged with threatening to inflict harm on Woodard.

On appeal, Pugh argues that the district court erred in dismissing his complaint with prejudice. Pugh contends that the district court improperly determined that his transfer to a different prison unit precluded his claims for declaratory and injunctive relief. Pugh further asserts that the district court erred in determining that his challenges to the disciplinary proceedings were barred by Heck v. Humphrey, 512 U.S. 477, 486 (1994). Pugh argues that the statements in his letter to Eicke were non-threatening and were entitled to First Amendment protection. He renews his claim that the defendants conspired to retaliate against him for exercising this constitutional right, and he contends that he exhausted his administrative remedies with respect to these allegations.

Even if the statements in Pugh's letter to Eicke were non-threatening and were entitled to First Amendment protection, Pugh fails to recite an adequate chronology of events from which retaliation may plausibly be inferred. Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995). Accordingly, regardless whether Pugh's administrative remedies were exhausted, his conclusional

allegations that the defendants conspired to falsely charge him with threatening to inflict harm on Woodard lack merit.

If credited, Pugh's challenges to the disciplinary proceedings, including his contention that the case should be expunged from his record, would necessarily imply that his sentence for the disciplinary infraction is invalid, thereby affecting the duration of Pugh's confinement. Accordingly, regardless whether the district court erred in determining that Pugh's claims for relief were precluded based on his transfer to a different prison unit, Heck bars the instant suit since Pugh has not shown that his disciplinary case has been reversed, expunged, or declared invalid. Heck, 512 U.S. at 486-87; see also Clarke v. Stalder, 154 F.3d 186, 189 (5th Cir. 1998)(en banc) (prisoner may not, in a 42 U.S.C. § 1983 action, challenge the fact or duration of his confinement or recover good-time credits lost in a prison disciplinary proceeding). Accordingly, Pugh's appeal is DISMISSED as frivolous. See 5TH CIR. R. 42.2.

Pugh is cautioned that the district court's dismissal of his 42 U.S.C. § 1983 complaint as frivolous, and this court's dismissal of the appeal as frivolous, both count as "strikes" pursuant to 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Pugh is advised that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or

detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).